# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 3, 2013

No. 11-51067

Lyle W. Cayce
Clerk

ANDRICKA STEWART,

Plaintiff – Appellant

v.

WACO INDEPENDENT SCHOOL DISTRICT,

Defendant – Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:10-CV-311

ON PETITION FOR REHEARING AND REHEARING EN BANC

Before HIGGINBOTHAM, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-51067

The Petition for Rehearing is GRANTED.[1]  Our prior opinion is vacated and withdrawn, and this opinion is substituted in its place.  Plaintiff-Appellant Andricka Stewart appeals from the district court's dismissal of her civil-rights action against Defendant-Appellee Waco Independent School District.  She seeks review only of her claim under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.  Stewart's § 504 claim presents difficult questions that, in our view, should not be reached unless necessary.  The district court did not address whether Stewart's claim was barred by any alleged failure to exhaust or as untimely, defenses that may be dispositive of the entire matter.[2]  Because the district court ought consider, in the first instance, the merits of each defense, we VACATE the judgment of the district court dismissing Stewart's § 504 claim, AFFIRM in all other respects, and REMAND for further proceedings consistent with this opinion.

---

[1] No member of this panel nor judge in regular active service on the court having requested that the court be polled on Rehearing En Banc (FED. R. APP. P. and 5th CIR. R. 35) the Petition for Rehearing En Banc is DENIED.

[2]  Should the district court ultimately consider the merits, we note that such consideration should be pursued in light of our prior precedents, *see, e.g.*, *D.A. ex rel. Latasha A. v. Hous. Indep. Sch. Dist.*, 629 F.3d 450, 453 (5th Cir. 2010),  albeit the reading of which produced a division in the now-vacated opinion which we do not here resolve.